IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE, DIVISON

| | |
|---|---|
| INTERNATIONAL BUSINESS CORPORATION, INC., <br><br> Plaintiff <br><br> v. <br><br> MR. BAR-B-Q, INC., and AMAZON.COM, <br><br> Defendants | CV No. 2:13-CV-00142 |

## COMPLAINT

Comes now International Business Corporation (IBC), through the undersigned attorneys, and states for its complaint against Mr. Bar-B-Q, Inc. (Mr. Bar-B-Q) and Amazon.com (Amazon) as follows:

## PRELIMINARY STATEMENT

1. IBC brings claims against Defendants for infringement of a patent owned by IBC in violation of 35 U.S.C. § 271. Accordingly, IBC seeks, among other relief, a permanent injunction to prevent Defendants from importing, making, using, offering to sell, and selling within the United States any products that infringe IBC's patent under 35 U.S.C § 283; damages in the form of Defendants' profits under 35 U.S.C. § 289; and, the reasonable

attorney's fees and costs incurred in prosecuting this action, including prejudgment interest.

## THE PARTIES

2. Plaintiff IBC is a Georgia corporation having a principal place of business at 5705 Commerce Blvd., Alpharetta, Georgia.

3. Upon information and belief, Defendant Amazon is a Delaware Corporation, having a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington, 98144.

4. Upon information and belief, Defendant Mr. Bar-B-Q is a New York Corporation, having a principal place of business 445 Winding Road Old Bethpage, NY 11804-1311

## JURISDICTION AND VENUE

5. This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271(a), (b), (c), and/or (f).

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over the Defendants. Among other reasons, upon information and belief, Defendants have done business in this judicial district, has continuous and systematic contacts with this

district, has committed and continue to commit acts of patent infringement in this judicial district, and has harmed and continues to harm IBC in this judicial district by, among other things, selling and offering to sell infringing articles covered under one or more of the above patents.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Defendants are subject to personal jurisdiction and have committed acts of patent infringement in this judicial district.

9. Joinder of the Defendants is proper under 35 U.S.C. § 299 in as much as Plaintiff's right to relief is asserted against the Defendants with respect to or arising out of the same series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and questions of fact common to all defendants will arise in the action.

## FACTS COMMON TO ALL COUNT

10. The allegations of Paragraphs 1 to 9 are incorporated by reference and re-alleged as if fully set forth herein.

11. IBC is the owner of U.S. Patent No. D588,419S (the " '419 Patent") a copy of which is attached as Exhibit A;

12. The Patent is directed to a unique ornamental design for a Barbeque Meat Skewer.

13. IBC has offered products for sale in the United States that incorporate the inventions claimed in the Patent. Such products were formerly offered for sale at Lowes stores in the United States.

14. IBC has marked its product or packaging therefor with U.S. Patent No. D588,419.

15. Upon information and belief, Mr. Bar-B-Q has, offered to sell, sold or imported barbeque skewers that incorporate the invention claimed and described in the Patent through Lowes stores in the United States and in the Northern District of Georgia.

16. Upon information and belief, Amazon has offered to sell, sold or imported barbeque skewers that incorporate the invention claimed and described in the Patent in the United States and in the Northern District of Georgia.

17. Upon information and belief, the accused barbeque skewers sold by Lowes and Defendant Amazon were sold or otherwise supplied to them by Defendant Mr. Bar-B-Q.

18. Upon further information and belief, without permission or license from IBC, Defendants have offered and are offering to sell, have distributed and are distributing, have sold and are selling, or have imported and are

importing barbeque skewers that incorporate the invention claimed and described in the Patent in the United States.

19. Alternatively, upon information and belief, without permission or license from IBC, Defendants offer and are offering to sell, have distributed and are distributing, and have sold or are selling barbeque skewers having applied thereto the patented design, or a colorable imitation thereof, to customers throughout the United States, including customers in the Northern District of Georgia, through a Lowes Store located at 1514 Skelton Road, Gainesville, GA, on the Mr. Bar-B-Q website, through the Amazon.com website and through various other websites.

20. Examples of the Accused Products offered for sale, distributed, and sold by Defendants in the United States are the "Mr. Bar-B-Q 4-piece Skewers" sold by Lowes as shown in Exhibit B at the  and the " Mr. Bar-B-Q 4020x Oversize Skewers" sold on Amazon.com  as shown in Exhibit C.

**Count I- Direct Infringement of US Patent No. D588,419 S**

21. The allegations set forth in paragraphs 1 through 20 are incorporated by reference and re-alleged as if fully set forth herein.

22. On March 17, 2009, US Patent No. D588,419 S for a "Barbeque Meat Skewer" was duly and legally issued.  The '419 Patent has been at all times

since the date of issuance, valid and enforceable. A true and correct copy of the '419 Patent is attached as Exhibit A.

23. IBC is the owner by assignment of all right, title and interest in and to the '419 Patent, including all right to recover for any and all past infringement thereof.

24. Upon information and belief, without permission or license from IBC, each of the Defendants have offered to sell, manufactured or imported, distributed, or sold the Accused Products to customers in the United States.

25. The Accused Products incorporate the inventions claimed and described in the '419 Patent.

26. Defendants each have sold, sells or exposes for sale the Accused Product as an article of manufacture to which the patented design or colorable imitation has been applied.

27. By offering to sell, manufacturing or importing, distributing, or selling the Accused Product in the United States, Defendants are each directly infringing the claims of the '419 Patent.

28. Upon information and belief, the acts of the Defendants complained of herein have been committed intentionally and willfully, with knowledge of IBC's rights in the '419 Patent.

29. Upon information and belief, Defendants will not cease such tortious acts unless enjoined by this Court.

30. Defendants' acts of direct infringement have and will continue to damage IBC, and IBC has no adequate remedy at law.

**Count II – Induced Infringement of US Patent No. D588,419S**

31. The allegations set forth in paragraphs 1 through 28 are incorporated by reference and re-alleged as if fully set forth herein.

32. Upon information and belief, Defendant Mr. Bar-B-Q, with specific intent, has actively induced others to infringe the '419 Patent, including Lowes and Amazon, and has thus infringed the '419 Patent under 35 U.S.C. § 271(b).

33. Upon information and belief, the acts of the Defendant Mr. Bar-B-Q complained of herein have been committed intentionally and willfully, with knowledge of IBC's rights in the '419 Patent.

34. Upon information and belief, Defendant Mr. Bar-B-Q will not cease such tortious acts unless enjoined by this Court.

35. Defendant Mr. Bar-B-Q's acts of induced infringement have and will continue to damage IBC, and IBC has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff IBC hereby demands a trial by jury of all issues so triable.

WHEREFORE, IBC prays that judgment on all claims of the Complaint be entered for IBC and against Defendants;

WHEREFORE, IBC also prays for the following:

(a) that pursuant to 35 U.S.C. § 289, Defendants be ordered to pay to IBC all of Defendants' profits arising from Defendant's infringement of the '419 Patent, the exact extent of which cannot be determined by IBC;

(b) that Defendants, their subsidiaries and all affiliated companies, their officers, agents, servants, representatives, employees, attorneys, successors, assigns, or heirs be permanently enjoined from:

(1) using, manufacturing, importing, having manufactured by a third party, selling, or offering to sell the Accused Product or any other product which infringes the '419 Patent.

(2) actively inducing any other person to infringe the Patent;

(3) performing any further acts of infringement of the Patent;

(c) that the Court find this case to be exceptional under 35 U.S.C. § 285 and award IBC its reasonable attorney's fees for having to bring this action to preserve its rights in the Patent and enjoin Defendants' willful infringement of the Patent;

(d) that IBC be awarded its costs associated with bringing this action to preserve its rights in the Asserted Patent;

(e) that IBC be awarded prejudgment interest; and

(f) that IBC be granted such other and further relief as this Court may deem just and proper.

Dated: June 27, 2013.

Respectfully submitted,

_____
Robert J. Veal
Georgia Bar No. 141695
rjveal@veal-ip.com
Veal Intellectual Property, LLC
11555 Medlock Bridge Road
Suite 100
Johns Creek, GA 30097
Tel: (678) 653-4758
Fax: (678) 597-1101

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 5.1, counsel for Plaintiff certifies that the font and point size, Times New Roman 14 point, used in this document, comply with Local Rule 5.1.

          Veal Intellectual Property, LLC

          /s/ Robert J. Veal

          Robert J. Veal

          Veal Intellectual Property, LLC
          11555 Medlock Bridge Road
          Suite 100
          Johns Creek, GA 30097
          Tel: (678) 653-4758
          Fax: (678) 597-1101
          rjveal@veal-ip.com